The next case on our docket is Muhammad Al-Sayed Abdelsalam versus Merrick Garland. Good morning and may it please the court. My name is Diego Arando Teixeira. I am counsel for the petitioner Mr. Abdelsalam and with me is my co-counsel Sasha Novus. I'll be addressing the issues of the competency determination as well as the convention against torture decision and my co-counsel will be addressing the issue of the particularly serious crime determination your honor and I will be reserving time for rebuttal. Your honor, this case concerns a mentally ill Christian asylum seeker persecuted for his religious beliefs and what the agency needs to do to meet its obligations to make accommodations for incompetent or mentally ill non-citizens. It also concerns the issues of whether it's enough of an accommodation for an attorney to appear for just a portion of a case about whether the agency errors in failing to consider indicia of mental illness in a particularly serious crime analysis and whether the agency can rely on an initial decision it took after disapproving of the factual findings matrix. That decision is in fact based on your honor. Regarding the competency inquiry honor, an inquiry into competence and the need for court needs to do is find that any indicia existed and then we can therefore remand the case because the board said there were no indicia of incompetence that nobody asked the board to actually make that sweeping finding but it did and under Santiago Rodriguez versus Holder the board's decision stands on all its own reasoning but we cannot read further reasoning to rescue an inadvisably drafted board decision. Let me ask you to see if we can focus a little bit here because it's my understanding you have acknowledged that the transcripts before the IJ do not necessarily reflect indicia of incompetency. That's how I read your your briefs but that's just hold on just for a second. Is it your view that petitioner's Franco Gonzalez motion was sufficient on its own to constitute indicia of incompetency that required the BIA to remand for competency hearing? The posture of this case is very unique and so I'm trying to figure out is it your view that this whole Franco Gonzalez motion was was sufficient on its own? First your honor if we are taking only the Franco Gonzalez motion before the board yes it is our position that that by itself is a very loud form of indicia because my client said that he was under the care of a psychiatric so in other words a psychiatric professional and that he was under anti-psychotic medication. That in itself any reasonable judge would have looked at it and asked is this person competent? And then that may be I guess maybe possible I don't know we're trying to try to resolve that if that was presented to the IJ. The unique posture here is that that information was presented to the BIA and so I'm not quite sure what the authority is uh when that happens or what the obligations are of the BIA when that happens at that point and so what's the your best uh authority for what should have happened at that point? Your honor if my memory serves I believe that Mejia versus Sessions cited in the prior argument but also here um that case in fact says that where the board becomes aware of indicia of competence it's the board's duty to remand the matter back to the IJ for further proceedings at that stage your honor. So in other words it's yes your honor and even though he was represented yes your honor for two reasons this was a pro se motion that he filed and so I mean at district court you know when you have a pro se motion and you're represented you know you look at what counsel says and here he was represented and I'm not quite sure you know what uh credence or level of deference uh you know the BIA especially when it wasn't presented before the IJ there's no indicia I think we can fairly say there's no indicia of incompetency before the IJ there certainly is a significant revelation before the IA but it's pro se um so what and I know the corona case um the petitioner in that case you know the BIA um I think that there was there wasn't some concern that the petitioner was incompetent to represent himself on appeal but I don't know that that's the case here um your honor um given the principles within MAM and also Franco but let's focus on MAM given the existence of counsel the question is whether the person is not only able to present evidence and examine evidence is also whether they're able to fully and competently liaise with their attorney separately from that if a person if it's not clear that the person in fact is competent to meaningfully communicate with their attorney that raises a whole other set of concerns and we should remember from Mejia itself from a from prior authorities from this circuit that that protections go beyond the existence of counsel but also other protections and other accommodations such as uh and such as a person who will assist this person in dealing with their counsel presenting testimony so therefore a regarding when on appeal this issue is raised if it appears such as for instance we have dissonant process filing saying I have mental health issues please help me and there's a completely different set of filings by the council who does not address even after this filing the mental health of the petitioner this tells us there is not meaningful communication between the two and the protective role of the agency kicks in after all given that an MAM no one has a burden of proof to show that the person is incompetent but rather the it's on the court entry on the immigration judge to make those decisions are on the board to remand it tells us that the judge is stepping in there as a protector of the of the non-citizen as a finder of truth to actually make sure that this person has the protections they need so the existence of the council in this case should have didn't ask the board imagine if if this would happen before this panel for instance I would have been sure that the the panel have just asked counsel and the petitioner to sort it out and clarify is this person going to continue represented or going to discharge your council the board chose not to do that it's not this panel's job to clean up after the board's decision to not simply inquire as to what's going on if the board messes up that way remand is the solution because the board should just have inquired what is going on why are there these dissonant filings please sort it out and then tell us how you're proceeding it's very simple for the board to do and all it takes is a remand with guidance your honor so your your position is there's really no limited time frame there's no limit on this so it's not just a you know our case law talks about the ij making a competency determination and then the bia of course is appellate review but your position is even if petition for review were pending before this court and the petitioner filed a pro se motion similar to what your client filed at the bia this court would then have a responsibility to determine competency your honor given the limits on this court's ability to review the record under 8 usc 1252 i would believe that it's a little bit different but i will address the issues that applies in this case and then extend to this hypothetical bit please the court regarding this case it does it does say that mcgill versus in the mcgill procession this court held that once the board receives indicative incompetence based on review of the whole record it should be fact-finding i guess i'll go look at me here again but i don't recall that it says that it says that the ij has a duty to determine whether the applicant is um if it says i'm sorry i'm sorry i'm sorry i'm sorry to your honor please go ahead no that's at page 11 21 that's the pinpoint site where it references the ij's duty um one second your honor i'm pulling up me here if it please the court just uh but what i what i saw for your citation in your brief was not a site to me here but a site to a dissent um i think it was even in an unpublished case or even if it was published it was nonetheless a dissent indeed your honor but um but give me one second i apologize your honor hey the um a the the principal is saying thank you your honor but the principal within them said this is the last page of me here talks about a the ba's on the abuse of discretion and other in in the law in in not following the procedural requirements under mam it is reviewing the i is talking about the ba's review of the ij but nevertheless there's still a case that's of the agency and given that we are here talking about mentally incompetent people who will not be able to file to review a procedure review the timing of things and meaningfully possibly meaningfully um you know if we confer their counsel if we don't presume the widest applicability of those protections people fall into the cracks they just there are other there are other regulations that allow reopening um and presenting additional evidence but there's a for um i forget um there's a couple of um uh processes that are pending at least as of the time the briefs were filed and um i don't know the status and i'm wondering if you could update us on the status of his uh petition for adjustment of status and the um appeal pending um let's see he filed for post-conviction relief in california and i believe it ended up being remanded back to the the state uh court trial court but i don't know what's going going on with that case has he received relief or is anything happening either of those two matters um i will address those matters your honor i'm a i upheld failed to did not do not find grounds to change the conclusion of the of the convicted convicting court and that case now on appeal and appeal remains pending your honor regarding the other pending matter is the motion to reopen before the board that i filed together with my co-counsel and well i'm sorry i filed it that's under my name and that remains pending as it's about eight eight months pending right now since last november your honor and they and it's it remains pending today they checked this morning and then but we should not wait for the reopening your honor because the agents is the agency's duty to engage in the inquiry the agency is not engaged in inquiry and imagine that we had a person individual before this panel if the agency the agency's obligations have no teeth if this panel does not make the agency engage in these inquiries and motions to reopen aren't insufficient i'm sorry your honor go ahead let me ask you a question i'm sorry because i want to understand or i understand that the dhs has an obligation um to provide immigration the immigration court with all relevant materials in its possession did they do that here uh are you asserting that the agency somehow erred in failing to ensure that the government made its production in this case absolutely your honor they did and unfortunately i can't say to the record absolutely what what's the answer i am absolutely saying that dhs did fail to provide its documents they have had my client in detention for almost four years your honor and in fact there's a voluminous set of medical records but it's not in the record purely because of the fact that the department of home security decided it would not comply with its duties and the immigration court and the ba decided not to hold the dhs was due and i believe that in partially here but mostly in calderon cited by prior the council in the prior case i believe in fact we we talk about this panel has sorry this court has talked about the obligation of the immigration court to ensure the department does in fact present those records your honor did you you have a discussion of exhaustion on page 19 of your brief and it um all issues were exhausted but by my review i think there's three issues that were not exhausted and if these were raised before the agency anywhere i'd like to know where um first this issue we've just discussed about dhs withholding records i don't believe that was exhausted or raised anywhere before the agency um also the argument that the ij failed to consider mental health evidence when deciding the particular serious crime analysis also can't find anything in there to suggest that was exhausted and finally your argument on issue conclusions regard to cat um that seems to be something all three of these seem to be issues right for the first time before this court um thank you your honor um firstly i noticed that my timer is running out and i did want to reserve two minutes of rebuttal but i want to address your your counsels excuse me your honors questions um regarding the issue of dhs records your honor um in this case neither the my client's prior attorneys nor my client have in fact like they did not explicitly dhs has records that have not been raised it's true however um given that my client that my client did talk about being under mental and mental health treatment and given that it is an argument to construe a prosim arguments widely like generously especially now under the principle that we consider mental if people have mental incompetence that this panel should consider mentally ill pros individuals a filings even more generously because of course they are mentally ill they need more help to in their proceedings before an agency i believe so to be clear what you're what you're suggesting if i issue that dhs didn't produce records that is correct your honor that that's my argument and in the alternative i would say that it's a due process matter that is not sufficiently addressable before the agency because of the fact of my client's mental health issues if we follow the principles with an mam and franco there are specialty process concerns and the agency can absolutely fail to meet them because of the mental health issues therefore this should be this should come under this panels sorry this this court's here like this court's a case law regarding due process matters that fall outside the issues of exhausting before the agency your honor so just the interest of streamlining this a little bit because we are over uh i'm i'm assuming that your argument with respect to the immigration judge not considering mental health evidence and making the psc determination is basically the same um that it that it's it's exhausted by the pro se filing it before the bia or it's a due process issue um that's true that's correct your honor especially my co-counsel in her portion will in fact address the issues of the previous crime issue but just to quickly address your honest question because my client specifically addressed why his conviction should not preclude him from having relief even though he did that inartfully because he's pro se and he's mentally your honor that would suffice to in fact exhaust all issues under this well it might exhaust some so for example he argued that the immigration judge improperly relied on um some reports about altercations that were after his conviction um but that doesn't i don't think that means that that any potential issue with respect to the psc analysis is then exhausted um and this is something different this is you know an argument about the that this analysis is flawed because um the ij didn't consider uh any mental health evidence um none of which was presented by to the ij by the way and not nor was this argument made i don't think before the briefing here but in any event go on and then the last one was the um issue preclusion i guess just was that the agency um or just in before this court your honor um that was not raised before the agency and and i would argue that this is in fact part of the per se um ineffective like per se on its face in the fact of assistance of prior counsel who inexplicably focused on sweden for some reason so that is and it and i would say argue that the the ba addressed the issue of the convergence torture decision in a footnote within i believe it's at um either page four or five of the record for the case starting with 19 before it and i there in the footnote the immigration court acknowledge sorry the board acknowledges that in fact it's upholding them the finding of the immigration judge to adopt the the initial immigration judge's decision on conviction torture relief prior to the first ba appeal which was successful your honor okay thank you thank you your honor and and i am over time but um i haven't addressed the k conviction social relief questions your honor but i do know that my co-counsel also has um has points to make regarding particularly serious crime issues um with its best of the court for me to give time over to my co-counsel to address cat relief you have no time so you have no time thank you thank you very much your honor yes and uh let me just see if any of the judges have any questions regarding the particularly serious crime i did not judge malloy no thank you okay so i don't uh thank you miss novus for being prepared to address that issue and i'm not sure that since we've gone so much over time and i'd like to give um mr aranda taxiera a few minutes for rebuttal uh i think we probably better use that time in that way um so let me go ahead and proceed to call upon uh miss bowen if she could please state her appearance yes your honor jennifer bowen on behalf of respondent the u.s attorney general and in this case the record does not support any argument that the agency abused its discretion in either finding petitioner failed to show incompetency or that he was a member of the franco gonzalez class on it just by means of his pro se filing with the board um that the agency abused its discretion in finding that his convictions constituted a particularly serious crime that the agency abused its discretion in denying the motion to reopen or that the record compels the reversal of the denial of petitioner's claim for deferral under cat i'm happy to address each of those issues in turn or if the panel has yeah several of the issues sorry i'd like to start with this whole um evidence of income of alleged evidence of incompetency that we have here um i'm trying to understand the bia's obligation to remand um when when you know there is an instance where relevant evidence was presented for the first time to them um so if we assume the bia is presented with evidence of incompetency in the first instance does the bia have um you know a duty to remand or are you arguing there is no duty to remand for a competency hearing even if petitioner is represented uh before the bia well your honor i don't think that this is necessarily um a black or white rule that we're arguing that would apply in all cases we're looking at this case specifically in this case specifically we have the situation which you noted earlier is unique where he was represented by counsel who filed not one but two briefs before the board on appeal he filed petitioner filed his own brief before the board and the board made the decision to consider everything that was filed before it so regardless of what duty the board had to consider it certainly met that duty by considering all arguments presented to it also we do respondent does not concede that the mere assertion that petitioner was seeing a psychiatrist and on medication indicated incompetency the board met any obligation by looking at the record seeing that he was represented by counsel at the final merits hearing which would have been any um protections that he would have been given had been deemed a class member he already received his own he had representation the record indicates that he was capable of participating in those removal proceedings and did not indicate there's no indication of incompetency in the in the record he's able to answer questions when he doesn't questions he's um there the instances where he seems confused there there's specific instances where on follow-up questions he's able to um to address what's being asked for example when his own attorney asked him when he was married he was able to correct his attorney and say no we were never married we were only engaged so we would argue that the board met and went above any obligations it may have had by considering all evidence and looking at the record and finding that this was not a situation where remand was appropriate and so what's your best authority for that well your honor it would i we don't there's not this is a unique situation so we don't have authority where we have a court saying on these situations there was no need for remand but we also don't have authority saying that remand was required i understand i'm just trying to figure out do you have a case that you can cite to him and i asked that of the other side i'm just trying to figure out what's your best authority in the circumstance because you know is this is a very difficult question i think that's being presented here and i understand your arguments that um you know this was not presented until the b you know to get to the bia we do have some some certain incidents of where it looks like there was some confusion or he seemed confused but it's very limited i'll grant you that before that ij then you have this you know pro se filing even though he's represented where he says that he is you know undergoing psychiatric evaluation and is taking anti-psychotic medications so i'm trying i mean we look to the law to you know to in these circumstances and um try to figure out uh if that's not a sufficient indicia of incompetency before the bia to have them remand that um and i appreciate what what you're telling me here i just trying to figure out if the bia had a a duty to remit for a competency hearing or for further competency investigation at that point um and i appreciate your answer but if the bia does not have a duty to remand what is the petitioner's best recourse if newly discovered evidence suggests that he may have been incompetent at the time of the merits hearing your honor petitioner has sought that recourse by filing a motion to reopen which remains pending with the board but that's not on this petition for review if the board denies that motion to reopen we can file a petition for review but that's not here today we're not looking at what was presented on that motion to reopen arguing an effective assistance of council and presumably attaching the medical records that petitioner attached to document number 12 but that are not part of the administrative record here and the added the added i guess circumstance here or is brief that the government failed to produce materials in its possession that were relevant to the petitioner's competency um what's your best you know response to petitioner's assertion that the dhs failed to produce materials relevant to petitioner's mental competency i'm i'm i'm just not that clear and if you could give me as much information that you can on government's obligation to turn over these kind of materials what triggers it and was that triggered here and has that been complied with your honor respectfully where that issue is not exhausted before the agency it's not an issue here for petitioner could have and presumably did raise and the motions reopen it's pending before the board and that this court can address in any subsequent petition for review so here we don't have in the record where the court's review is limited to the record any information related to what obligation was met or not met related to um our dhs obligation which yes your honor i i'm just curious uh and i'm sorry to interrupt you but if let's say it was exhausted i just want to know what the procedure is what happens when what when does that triggering take you know happen and what is the government's obligation your honor uh the obligation to submit records would of course fall under a due process argument where the and here we don't is that correct i mean so he's they're arguing it there's no there's no case law saying that if dhs fails to submit records by definition the removal proceedings are terminated so that's that's not what's going on here there's no case law that says that dhs declined to submit records or didn't meet its obligation to submit records and again i cannot speak to whether dhs did or did not meet its obligation in this case because yes your honor yeah no i i'm not i'm not trying i'm just trying to figure out the process when does when is that in any case let's just say a hypothetical case and they the records you know start being produced and they're in the possession of the government when is that obligation to turn that over to to petitioner your honor my understanding is and i apologize if uh and this may because this is not a factor in this case my understanding is that it's triggered when there's indication of incompetency and there was no end because they're not medical records they're not related to the removal proceedings and that wasn't the case here um it i i hope that i am not misstating the obligation but that's my understanding and so the then we just rely on the government when the government's assessing these records and if it determines upon its review uh someone within the agency or i guess uh that uh there is a question of incompetency then that's at that point that they that they will raise the issue and they who do raise it to who do they inform the bia someone up to the agency or do they have this is a removal proceedings before the immigration judge if the dhs becomes aware that the petitioner is incompetent then these these are issues that are raised before the immigration judge here there's no indication of incompetency the record does not show indication of incompetency it shows a petitioner who was capable of answering questions telling the story who was lucid and responsive okay well you're saying the record before the ij i'm just saying if there's information and i again i'm just trying to understand what's going on here in the materials that are in the possessions of the government that are relevant to petitioners competency is there a cutoff after a certain time or whether or not they feel like they have that they have to an obligation that they have to tell uh the petitioners council or how does that i'm not aware of any cutoff again i i risk i'm not aware of any cutoff i'm prepared to argue this record i'm afraid i don't i i don't know that i'm prepared to answer your questions today although i'm happy to follow up with briefing on it but i'm not aware of any cutoff um my understanding is that if competency becomes an issue before the merits hearing that it needs to be raised but that's not the case here your honor i'm not saying that it is i'm just trying to figure out how this works because there is an assertion out there that there are materials that were failed to be produced and i understand your argument that that was not exhaustive i'm just curious you know there is some significant finding in some materials what is the obligation of the government and at what point or how long does it last through these through the process so i was just hoping you you know you had information if you could share that with us so i appreciate that you're you know giving it your best shot here if i could just ask one more question on that front um assuming dhs fails to produce you know the relevant materials what is petitioners recourse in your view your honor i i'm afraid i'm not necessarily prepared to speak to this hypothetical um of if because this that's not supported by the record here that we don't have an exhausted argument that dhs failed to meet its obligation we don't have it doesn't support an argument that recourse is necessarily warranted i don't know that i'm able to answer this question your honor i apologize so has any um has when the argument was raised um i think for the first time before this court are are there any references to the record is there anything specific is there an medical records so they must have violated their duty to produce um mental health records what do we know from the record about what what information is there about what records exist or were produced or not produced from the record we have no information about any of the records any medical records it's not part of it just as there's no indication of incompetency there was no assertion that petitioner was being treated for any sort of mental illness receiving any sort of medication that might affect his ability to recall events or testify none of that is in the record the record includes solely the assertion made in the franklin gonzalez motion before the board that he was under the care of a psychiatrist and he says psychiatric and taking psychotic medications petitioner then came in and submitted before this court in his initial petition for review because this is consolidated matter um several medical records from that petitioner's counsel have asserted that that necessarily means that dhs failed to meet its obligation to present these medical records that we don't have that though within the purview of what this court can review it's not there within the administrative records so we're not looking at those records what they contain what they don't contain because that's not part of the record that is there for review if petitioner wishes to assert that dhs failed to meet its obligation it may do so he may do so and presumably has done so on the motion to reopen that's pending before the board and again this isn't a case where um the court needs to question whether or not petitioner has any recourse he does as evidenced by the motion to reopen that's pending before the board i hope that's answered your question your honor yes your honor so and this is sort of off topic but this man lived in sweden for four years i believe before he came to the united states and i think he voluntarily agreed to go back to sweden but the government says no you have to go to egypt what's the basis of that no no your honor i don't believe that the government said that he had to go to egypt i i believe that if he wanted to make arrangements for himself to travel to sweden he could do so the argument rather that was made and was not made in any briefing before this court so it's been waived but the argument that was made before the agency was that the agency should have ordered him removed to sweden but there's no indication that he had any legal status in sweden such that there would have been any basis to order him removed to sweden rather he is a citizen of egypt and therefore the removal order orders his removal to egypt if he chooses but again this this argument was waived so it's not before the court this isn't in the briefing that was submitted by petitioner to this court does does that answer your question your honor it did thank you yes thank you i apologize but i am over my time if there's no i'm over time with mr so if you want to if there's any particular point that you want to make i don't want i want you to go ahead and make it if there's anything else you feel like you need to address no your honor if the if the panel has no further questions i'm comfortable resting on the on our brief which fully argues that these as several issues have not been exhausted and those that have been exhausted the record does not support any argument that the agency abuses discretion in any regard or that the the record does not compel a reversal of the denial of the claim for protection from removal well thank you i know that i took you via an area beyond that you were prepared to discuss and i appreciate giving your best efforts at answering some of those questions again just to satisfy my my um my sense of trying to figure out what was what was happening and what happens in these circumstances when there are medical records produced or that are in possession of the government and what triggers their obligation uh to to uh to to give them or to let others know about them so um again apologize that that was beyond your your purview here but i appreciate your efforts my honor no not at all uh thank you so um mr uh i'll give you a couple minutes uh for rebuttal thank you very much your honor so um at core the main thing i want to i have other points but what i want to most address with rebuttal is the issue of the obligations of dhs and of the agency in light of the failures of the dhs to come out of this obligation to provide medical records firstly i do have a site i was asked about what happens if an individual sites in a sites reports at the ba stage what should the ba do calderon rodriguez it's at page 1183 of the decision your honor and footnote 2 the this panel took into consideration the issue that there are pros and materials filed with the baa and thus part of the abuse of discretion by the board in that case and secondly this sorry this court not panel this court faulted the board implicitly because dhs may have ordered violated an order implemented permanent injunction by failing to provide calderon's update updated mental health information to the ajmba what did this tell us it's the the this court implicitly beforehand wrapped up correctly the dhs obligation to provide medical records into the agency's obligations under mam and under franco to do an independent inquiry because there is no other meaningful recourse particularly for an unrepresented individual if dhs decides for whatever reason to not present this obligation these these documents to the court or to excuse me to the agency or whether the baa or the ij stage and that is the source of obligation and um regarding um the motions to open these are discretionary as this court has found exhaustion is not required for thing for for types of remedies which are in fact simply discretionary and doesn't address the safeguards for the pros that people who may not even know what the motion to reopen is or want to properly file one notably my client did not know how to probably file a motion to reopen when he did his pros say motion to have moved for the first one before the agency and again opposing constantly relies on the sweeping findings of the agency there are no indications at all of indicia of incompetence if this court finds one indicum of incompetence that's done that the and that destroys the by the foundation of the board's decision and opposing counsel's arguments your regarding attorneys and attorneys are not conclusive the accommodations because mem and considers accommodations that go beyond a council and there's 93 cases we have cited in the record and set an mem saying that this goes beyond attorneys one can even assist people in providing testimony thank your honors all right thank you very much appreciate um the oral arguments here the case of muhammad i'll say i'm desolam versus merrick garland is now submitted thank you all very much
judges: Murguia, Bade, Molloy